IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KEVIN JOSEPH GABRIEL BRENNAN,

        Plaintiff,

v.

ROBERT BEHNKE,[1] Broome County Attorney, and DEBBIE PRESTON, Broome County Executive,

        Defendants.

Civil Action No.
3:17-CV-0391 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

KEVIN JOSEPH GABRIEL BRENNAN
319 Exchange Avenue
Townhouse #20
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

---

[1] In his complaint, plaintiff incorrectly spelled defendant Behnke's name as "Benke." Dkt. No. 1 at 1. The clerk is respectfully directed to adjust the court's records to reflect the correct spelling of this defendant's last name.

REPORT, RECOMMENDATION, AND ORDER

This is an action brought by *pro se* plaintiff Kevin Joseph Gabriel Brennan pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, against the Broome County Attorney and the Broome County Executive alleging discrimination on the basis of disability and the failure to accommodate his disability. Plaintiff's complaint, together with an accompanying application for leave to proceed without prepayment of fees, have been forwarded to me for consideration. Based upon my review of those materials, I will grant plaintiff's *in forma pauperis* ("IFP") application, but recommend that his complaint be dismissed based upon the pendency of a previously filed action involving the same allegations and causes of action.

I. BACKGROUND

Plaintiff commenced this action on April 6, 2017. Dkt. No. 1. In his complaint, Brennan alleges that he is disabled and has been receiving Social Security disability benefits since 1998. *Id.* at 2. He alleges that, until recently, neither the Broome County Office Building nor the George Harvey Justice Building, the latter of which houses the Broome County Probation Department, where plaintiff must go to make periodic restitution payments, were equipped with doors that make those facilities accessible

to disabled persons. *Id.* at 3. As relief, plaintiff does not seek an injunction, noting that handicapped accessible doors have now apparently been installed at the two facilities. *Id.* at 7. He does, however, request an award of compensatory damages in the total amount of $48,000 per defendant. *Id.* at 8.

Plaintiff's complaint in this action was accompanied by an application for leave to proceed without prepayment of fees or costs. Dkt. No. 2. That application reflects that, aside from Social Security disability benefits, plaintiff does not receive any income, and sets forth basic information concerning his expenditures. *See generally id.*

II. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff satisfies the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

B. <u>Sufficiency of Plaintiff's Complaint</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations,

---

[3] Plaintiff is reminded that, although his application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

*Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

    This is not the first action that plaintiff has commenced alleging that the Broome County Office Building and George Harvey Justice Center do

not have handicap accessible doors. Indeed, as plaintiff acknowledges, he filed an action in this court on February 3, 2017, against Broome County and the Broome County Attorney, Robert Behnke, Esq., involving the same factual allegations and asserting claims under the ADA. *See Brennan v. Broome Cnty.* ("*Brennan I*"), No. 17-CV-0122 (N.D.N.Y. filed Feb. 3, 2017). The only difference between *Brennan I* and this lawsuit is that, in this action, plaintiff's complaint names as defendants Broome County Executive Deputy Preston and County Attorney Behnke, whereas in *Broome I*, plaintiff named County Attorney Behnke and Broome County as defendants.

As a matter of judicial discretion, a court may dismiss an action that is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The dismissal of an action that parallels an earlier filed suit avoids duplicative litigation, promotes judicial economy, and protects parties from "'the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case

that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* at 138 (collecting cases). Courts have the discretion to choose which course of action to take. *Id.* at 139.

With the exception of the addition of another defendant, this action raises the same claims as *Brennan I*. As a matter of judicial economy, plaintiff should not be permitted to proceed with duplicative actions addressing the same matters. Because of the overlapping claims, I recommend that this action be dismissed as unnecessarily duplicative of the earlier-filed action.[4]

III. <u>SUMMARY AND RECOMMENDATION</u>

Having reviewed plaintiff's application for leave to proceed in this action IFP, I find that he has demonstrated eligibility for that status, and therefore his application will be granted. Turning to the merits of plaintiff's claims, because they are duplicative of the ADA claims brought in a previously filed suit against Broome County and the Broome County

---

[4] To the extent that plaintiff may wish to assert a claim against Broome County Executive Preston, he may seek leave to join her as a defendant in *Brennan I* pursuant to Rule 20 of the Federal Rules of Civil Procedure and rule 7.1(a)(4) of the local rules of practice for this court. Plaintiff is cautioned, however, to review the court's report and recommendation in *Brennan I* with respect to whether he may assert a claim under the ADA against an individual.

7

Attorney, Robert Behnke, I recommend, as a matter of judicial discretion, that plaintiff's complaint in this action be dismissed based upon the pendency of that previously filed suit.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further

ORDERED that the clerk is respectfully directed to adjust the court's records to reflect the correct spelling of defendant Behnke's name, and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[5] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the parties in accordance with this court's local rules.

Dated: May 2, 2017
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge